UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUE J. BADGER REVOCABLE LIVING TRUST DATED JULY 25, 2012, and STEVE BURRELL, TRUSTEE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, STEVEN DETTELBACH, Director of Bureau of Alcohol, Tobacco, Firearms, & Explosives,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  File No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

NOW COMES Plaintiff, SUE J. BADGER REVOCABLE LIVING TRUST DATED JULY 25, 2012 (hereinafter "Badger Trust"), and STEVE BURRELL, SUCCESSOR TRUSTEE, by its attorneys, WILLIAM L. BERRY and JASON W. CORRAY of WILLIAM BERRY & ASSOCIATES, LLC, and for its claim pursuant to the Federal Torts Claim Act 28 U.S.C. §§1346, 2410, 2671-80, *et seq.*, directed against the United States of America, Steven Dettelbach, Director of Bureau of Alcohol, Tobacco, Firearms & Explosives, states as follows:

### JURISDICTIONAL STATEMENT

Jurisdiction is extended to the United States District Court pursuant to the Federal Torts Claim Act 28 U.S.C. §§1346, 2410, 2671-80, *et seq.*

### ALLEGATION OF FACTS

1. Plaintiff, Sue J. Badger Revocable Living Trust, Dated July 25, 2012, was initially signed by Grantor, Sue J. Badger, who designated herself as the initial Trustee.

2.  Sue J. Badger died October 23, 2023 a resident of the State of Florida. Pursuant to the provisions of Article SIXTH of the Trust, Steve Burrell is designated as Successor Trustee. Copies of the relevant portions of the Trust are attached and marked as Exhibit A.

3.  Plaintiff holds title to residence and real estate located at 833 Victory Lane, Collinsville, Madison County, Illinois 62234, pursuant to a Quit Claim Deed in Trust, Recorded with the Madison County Recorder of Deeds, 2013R10517, on March 6, 2013. On March 7, 2023, said residence was leased by Jeremy Barr.

4.  On and before March 7, 2023, said residence was leased and occupied by Jeremy Barr, who was the subject of an investigation and, ultimately, the subject of a Warrant issued, by Madison County Circuit Court, on March 7, 2023, at the request of the Illinois State Police.

5.  On March 7, 2023, at the request of the Illinois State Police, employees of the Bureau of Alcohol, Tobacco and Firearms, hereinafter "ATF", jointly executed the Warrant on Jeremy Barr and in so doing forcibly entered the residence located at 833 Victory Lane, Collinsville, Illinois. ATF provided no prior notice to Plaintiff, the owner.

6.  At all times set forth herein, ATF was a division of the Department of Justice (DOJ) and part of the Executive Branch of the United States of America. At all times set forth herein, ATF, by and through employees and agents, had a duty to exercise ordinary care for the protection of the property of Plaintiff, including the residence located at 833 Victory Lane, Collinsville, Illinois, when it executed the **Search Warrant**.

7.  Defendant, by and through the employees and agents of ATF and DOJ, breached its duty to exercise ordinary care when they executed the Search Warrant in one or more of the following manners:

    (a)  Utilized heavy equipment, a battering ram, armored personnel carrier, and bomb defusing robot to forcibly gain entry to the residence.

File No.

    (b)    Utilized the foregoing equipment, and undue force in searching the residence, causing unnecessary damage to personal property, as well as the structure of the residence.

    (c)    In executing the Warrant, utilized techniques resulting in damage to the exterior of the premises, including doors and windows.

    (d)    In executing the Warrant, caused extensive damage to the interior of the premises.

8. As a result of the execution of the Warrant, jointly by ATF and the Illinois State Police, Jeremy Barr was discovered and taken into custody.

9. As a proximate result of the foregoing negligent acts or omissions of the Defendant, by and through its agents of ATF and DOJ, which included excessive force the real estate owned by Plaintiff was damaged to the extent that it could no longer be offered and utilized as rental property and, therefore, Plaintiff sustained the ongoing loss of rent, commencing with March 7, 2023 to date.

10. As a further proximate result of the foregoing negligent acts of the Defendant, the United States of America, by and through the employees and agents of ATF and DOJ, Plaintiff has incurred damages for the cost of the extensive repairs to the residence in order to restore said residence to a condition where it may be rented.

11. As a further proximate result of one or more of the foregoing negligent acts and omissions of Defendant, by and through its employees and agents of ATF and DOJ, Plaintiff is required to expend the following sums for the repair of the above-described residence:

| | | |
|---|---|---|
| (a) | Estimated repairs by APCM Contractors Bid, August 28, 2023 (Attached as "Exhibit E") | $67,350.00 |
| (b) | 18 month lost rent | $13,500.00 |
| (c) | Lawncare expense | $750.00 |

File No.

The aforementioned expenses would be subject to a setoff for sums paid by the homeowner's insurance in the amount of $1,539.00.

12. By letter from the offices of counsel representing Plaintiff, correspondence was directed to ATF, dated September 27, 2023, asserting a claim for the costs of repairs to the above-described premises owned by Plaintiff and requesting recompense. A copy of the letter is attached hereto as "Exhibit B". Accompanying the letter was the required "FORM 95" attached as "Exhibit C".

13. In response to the demand and FORM 95, Defendant, by and through ATF, issued a letter denying its involvement of ATF in causing damage to Plaintiff's residence and real estate, said letter being dated October 18, 2023. A copy of said letter is attached and marked as "Exhibit D". Pursuant to 28 USC, 2675, Plaintiff has fulfilled the condition precedent to the filing of this Complaint and has filed said Complaint within the period specified in the attached letter.

14. The Plaintiff did maintain homeowner's insurance but said policy included an exclusion precluding coverage pursuant to law enforcement action. Plaintiff attaches a denial letter where Plaintiff's insurer did pay a small amount for vandalism at the home as it was unsecured because law enforcement destroyed the door and cellar entrances. A copy of said letter is attached as "Exhibit E".

15. Plaintiff files this claim pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C §§1346(b) 2671-80.

16. Further, Plaintiff has incurred attorney's fees with William Berry & Associates, LLC to recover the damages herein and will continue to incur said costs, as the direct and

File No.

proximate result of filing the claim arising out of the acts or omissions of Defendant through its agents and employees of ATF and DOJ.

17. Neither the "Independent Contractor" nor "Discretionary Function" defenses are applicable in this case.

18. In conjunction with the filing of this Complaint, a claim is filed with the Illinois Court of Claims seeking recovery of damages from the State of Illinois for the acts or omissions on the part of the Illinois State Police.

WHEREFORE Plaintiff, Sue J. Badger Revocable Living Trust, Dated July 25, 2012, Steve Burrell, Successor Trustee, prays this court for a Judgment in its favor and against Defendant, United States of America, Steven Dettelbach, Director of Bureau of Alcohol, Tobacco, Firearms & Explosives, for a fair and reasonable amount in excess of $85,000.00, plus attorney's fees incurred with William Berry & Associates, LLC, filing fees and costs of suit.

WILLIAM BERRY & ASSOCIATES, LLC

BY:  /s/ William L. Berry
Jason Corray #6274743
William L. Berry, #0198676
300 West Clay Street
Collinsville, Illinois 62234
(618) 344-0034; Fax: (618) 344-3853
wberry@wberry.com; jcorray@wberry.com
*Attorneys for Plaintiff*

File No.